**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOYCE A. LUCERTO,** **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  26-1139** |
| **PRIMORIS SERVICES CORPORATION,** **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff Joyce A. Lucerto's Motion to Remand.[1] Primoris Services Corporation ("Defendant") opposes the motion.[2]

## BACKGROUND

This case arises out of car accident on March 19, 2025.[3] Plaintiff alleges she was forced out of her lane by John Doe, an unidentified employee of Defendant, causing her to strike the median curb and cross into the opposite lane of traffic.[4] Plaintiff alleges she sustained a cervical and lumbar spine sprain, full disability, and general damages, the full extent of which is unknown.[5] Plaintiff filed a Petition for Personal Injuries and Damages on January 7, 2026 in the Civil District Court for the Parish of Jefferson naming both Defendant Primoris Services Corporation and John Doe.[6] The Petition asserts Defendant is responsible for its employee's acts of fault, gross and wanton negligence, and lack of skill.[7]

---

[1] R. Doc. 10.
[2] R. Doc. 12.
[3] R. Doc. 1-5 at p. 1.
[4] *Id.* at pp. 1-2.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Defendant was served on January 15, 2026.[8] On May 28, 2026, Defendant filed its Notice of Removal.[9] On June 9, 2026 Defendant filed an Amended Notice of Removal.[10] In its Notice and Amended Notice, Defendant asserts removal is proper under federal diversity jurisdiction.[11] Plaintiff is a citizen of Louisiana, and Defendant is a Delaware corporation with a principal place of business in Texas, thus establishing complete diversity.[12] In its Amended Notice, Defendant provided initial discovery requests from Plaintiff reflecting the amount in controversy exceeds $75,000.[13]

In the present Motion to Remand, Plaintiff does not dispute the requirements of 28 U.S.C. § 1332 are met.[14] Rather, Plaintiff disputes whether the original Notice of Removal was timely under 28 U.S.C. § 1446(b)(2)(B), which allows "30 days after receipt by or service on the defendant of the initial pleading or summons" within which a defendant may file a notice of removal.[15] Plaintiff argues, per the statute, that the 30-day clock started on January 15, 2026—the day on which Defendant was served—thus rendering Defendant's May 28, 2026 Notice of Removal untimely.[16]

## LAW AND ANALYSIS

28 U.S.C. § 1446(b)(3) provides:

> "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

---

[8] *Id.*
[9] R. Doc. 1.
[10] R. Doc. 8. The Court ordered Defendant to amend its Notice of Removal to properly plead the amount in controversy requirement. R. Doc. 6.
[11] *Id.* at pp. 2-5. *See* 28 U.S.C. § 1332.
[12] *Id.* at p. 3.
[13] *Id.* at pp 4-5 ¶ 14; R. Docs. 8-2 through 8-7.
[14] *See* R. Doc. 10-1.
[15] *Id.* at pp. 1-2.
[16] *Id.* at p. 2.

In accordance with Louisiana law,[17] the Plaintiff's state court Petition, filed on January 7, 2026, did not plead a specific amount of damages.[18] Thus, under a strict reading of Section 1446(b)(3) and the requirements of 28 U.S.C. § 1332, the case stated by the state court Petition is not removable, as it is insufficient to show the amount in controversy necessary to establish diversity jurisdiction.

Nonetheless, Plaintiff argues that Defendant had notice as early as May 6, 2025—months before the suit was filed—that the amount in controversy would exceed $75,000.[19] Plaintiff submits an affidavit of Dean DeFracesch, counsel for Plaintiff, who attests he spoke with an employee of Defendant by phone on May 6, 2025 and advised that "the injuries sustained by the plaintiff included surgery and a permanent colostomy bag."[20] Mr. DeFracesch followed up this phone conversation with an email on May 9, 2025, which contained pictures of the truck and the accident report.[21] In the Motion, Plaintiff's counsel points to a case in which an elderly woman was awarded $122,000 in general damages in a case involving a colostomy.[22] On this basis, Plaintiff asserts Defendant was "on notice long before the suit was filed that the amount in controversy was over the jurisdictional limit for diversity jurisdiction."[23] As such, Plaintiff argues, the 30-day clock began when Defendant was served on January 15, 2026.[24]

Defendant argues the case stated by the state court Petition was not removable, and that the case did not become removable until April 29, 2026, when Defendant

---

[17] *See* LA. CODE CIV. PROC. art. 893(a)(1).
[18] *See* R. Doc. 1-5.
[19] R. Doc. 10-1 at p. 1. The memorandum bears a typo, stating the date as May 6, 2026; however, it is clear from the subsequent argument that the intended date is May 6, 2025.
[20] R. Doc. 10-2 at p. 1.
[21] *Id.* The email is attached, and is as described by Mr. DeFracesch. *Id.* at p. 2-4.
[22] R. Doc. 10-1 at p. 2. *See Jones v. St. Francis Cabrini Hospital*, 94-2217 (La. 4/10/1995), 652 So.2d 1331.
[23] R. Doc. 10-1 at p. 2.
[24] *See id.*

received Plaintiff's responses to its requests for admission.[25] Plaintiff's responses assert that she has incurred approximately $73,270.33 in medical charges for treatment received as an alleged result of the automobile accident, as well as an additional $5,125 for chiropractic treatment.[26] Such figures satisfy the amount in controversy requirement. Defendant argues that Plaintiff's discovery responses constitute the "other paper from which it may first be ascertained that the case is . . . removable" per 28 U.S.C. § 1446(b)(3).[27] Defendant points to Fifth Circuit case law holding that, in order to constitute "other paper" to trigger the 30-day removal clock, such documents must be received *after* an initial pleading that is not removable on its face.[28] As such, the May 6, 2025 phone conversation and subsequent email between Plaintiff's counsel and an employee of the Defendant—prior to the filing of the initial pleading on January 7, 2026—could not constitute other paper sufficient to make apparent to Defendant that the amount in controversy exceeded $75,000. Defendant argues, for purposes of 28 U.S.C. § 1446(b)(3), it was not ascertainable that the case was removable until April 29, 2026.

Plaintiff's argument lacks merit. In *Chapman v. Powermatic, Inc.,* the Fifth Circuit rejected the argument that "'other paper' may come prior to the defendant's receipt of the initial pleading."[29] There, the plaintiff had sent the defendant medical bills and a demand letter prior to filing suit, which plaintiff argued was sufficient for the defendant to ascertain that the amount in controversy was met.[30] On this basis, the plaintiff contended, there as here, "the thirty-day time period [began] to run from the time that the defendant

---

[25] R. Doc. 12 at p. 4. *See* 28 U.S.C. § 1446(b)(3).
[26] R. Docs 8-6 and 8-7.
[27] R. Doc. 12 at pp. 2-4.
[28] *See id.*; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163-64 (5th Cir. 1992).
[29] *Chapman*, 969 F.2d at 163.
[30] *Id.* At that time, the amount in controversy was still $50,000. *See id.*

received the initial pleading."[31] The Fifth Circuit reasoned that such an argument conflicts with "[t]he plain language" of Section 1446(b), requiring "that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' after receiving the initial pleading."[32]

*Chapman* is directly on point, and it resolves the issue. The May 6, 2025 phone call and subsequent email between Plaintiff's counsel and the Defendant's employee cannot constitute "other paper" for purposes of Section 1446(b), as they occurred prior to Defendant's receipt of the initial pleading. The initial pleading was not removable, as it did not plead a precise damages amount. The case did not become removable until the Defendant was served with materials from which it could ascertain the amount in controversy on April 29, 2026. Accordingly, Defendant's May 28, 2026 Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b).

<u>**CONCLUSION**</u>

**IT IS ORDERED** that the Motion is **DENIED**.

**New Orleans, Louisiana, this 14th day of July, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[31] *Id.* at 163-64.
[32] *Chapman*, 969 F.2d at 164.